UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

LESLIE TREANOR,

            Plaintiff,

       - against -

MARRIOTT INTERNATIONAL, INC., et al.,

            Defendants.

- - - - - - - - - - - - - - - - - -X

MEMORANDUM & ORDER

CV 2012-4674 (ERK)(MDG)

    Defendants move pursuant to Local Civil Rule 30.1 to compel plaintiff to pay for defendants' reasonable expenses incurred in traveling to take the deposition of plaintiff's medical expert witness in Texas.  See ct. doc. 25.

    Plaintiff has designated her treating orthopedic surgeon, Dr. Meena Shatby, as a medical expert at trial.  Plaintiff intends to take Dr. Shatby's deposition in Texas and use the videotape of her testimony in lieu of Dr. Shatby's trial testimony.  Since defendants represented that they would not have taken Dr. Shatby's deposition if she were to testify at trial, plaintiff agreed to pay the video recording fee and Dr. Shatby's witness fee but did not agree to pay defendants' travel expenses.

    Local Civil Rule 30.1 provides that:

    When a deposition upon oral examination is to be taken
    at a place more than one hundred (100) miles from the
    courthouse, any party may request the Court to issue an

> order providing that prior to the examination, another
> party shall pay the expense (including a reasonable
> counsel fee) of the attendance of one attorney for each
> party at the place where the deposition is to be taken.
> The amounts so paid, unless otherwise directed by the
> Court, may be taxed as a cost at the conclusion of the
> action or proceeding.

Lcoal Civil Rule 30.1. This Rule "allows courts to weigh the equities of reallocating discovery costs where the strategic choices of one party would cause another to incur inordinate expense." Teen Model v. Blood is the New Black, 2012 U.S. Dist. LEXIS 161369, at *4 (S.D.N.Y. 2012).

Defendants argue that since plaintiff chose to bring suit in New York and to designate a Texas doctor as her expert witness, she should bear the expense of her litigation choices. Plaintiff's primary argument in response is that defendants are better able than plaintiff to afford to pay the costs of their counsel's travel. Plaintiff also argues that her choice of forum was New York state court where generally the respective parties would pay their own expenses. See Goldblatt v. Avis Rent A Car Sys., Inc., 637 N.Y.S.2d 188, 189 (2d Dep't 1996).

By choosing to use her treating physician as an expert, but avoiding the expense of having Dr. Shatby travel to New York to testify at trial, plaintiff has attempted to shift the cost of Dr. Shatby's travel to defendant. See In re Fosmax Prods. Liab. Litig., 2009 U.S. Dist. LEXIS 27209, at *32 (S.D.N.Y. 2009). Since the cost of defendants' travel is caused by plaintiff's

strategic choices, it is appropriate to allocate the costs of the deposition to the plaintiff.  Id.  Although the relative means of the parties is a factor to be considered, it is not determinative of the question of which party should bear the cost.  See Hoff v. WPIX, Inc., 2012 WL 4471445, at *1 (S.D.N.Y. 2012) (considering relative means of the parties as one factor in determination under the totality of the circumstances).  Thus, this Court grants defendants' motion for plaintiff to pay the reasonable costs, including counsel's travel time, but excluding lodging, for one of defendants' attorneys to attend the doctor's deposition in Texas.  Presumably, defendants can provide lodging to their counsel at one of their hotels in the area at little or no cost.  See Declaration of Timothy F. Mazaara (ct. doc. 26) at ¶ 14.  However, since defendants would have otherwise incurred attorneys' fees had plaintiff's treating physician appeared in New York for a videotaped deposition, defendant shall not recover attorney time for preparing and attending the deposition.  Teen Model, 2012 U.S. Dist. LEXIS 161369, at *11-*12.  Travel time shall be recoverable at one-half of defendants' counsel's reasonable hourly rate.  Cf. Barfield v. N.Y. Health and Hospitals Corp., 537 F.3d 132, 151 (2d Cir. 2008) (noting that travel time is customarily compensated at 50 percent of counsel's hourly rate).

   Since plaintiff may seek to tax as a cost the amounts paid

if she prevails at the conclusion of the action, see Local Civil Rule 30.1, the payment of these costs should await the conclusion of the action to avoid an otherwise unnecessary application by plaintiff to tax these costs. Defendants have not argued that they need to be reimbursed immediately. Therefore, at the conclusion of this action, if defendants prevail, plaintiff must pay the reasonable travel costs, as discussed above, including counsel's fee for travel of one of defendants' attorneys to attend the deposition of Dr. Shatby.

**SO ORDERED.**

Dated: Brooklyn, New York
October 28, 2013

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE